IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **IN RE MICROSOFT CORPORATION ANTITRUST LITIGATION**<br><br>**This Document Relates to:**<br>*Automatik* **(1:02-153)** | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

### OPPOSITION OF PLAINTIFF IN THE *AUTOMATIK* (LOUISIANA) CASE TO DISMISS OR FOR SUMMARY JUDGMENT

Plaintiff, Automatik Design, Inc., has brought suit against Microsoft alleging two causes of action – the Louisiana Unfair Trade Practices Act and unjust enrichment. Microsoft has moved for dismissal of and/or summary judgment on these claims and has also moved for dismissal and/or summary judgment for plaintiff's alleged failure to prosecute.[1]

**I.      Louisiana Unfair Trade Practices Act**

Automatik Design, Inc. is not an end-user of Microsoft software products. Instead, it is a New Orleans-based OEM and computer consulting firm that purchases Microsoft software both directly and through Microsoft's distributors. Consequently, Microsoft's argument to the effect that the Louisiana Unfair Trade Practices Act (LUTPA) does not permit claims by indirect purchasers does not in fact support dismissal of Automatik Design's suit.[2]

---

[1] In support of plaintiff's opposition to Microsoft's motion to dismiss or for summary judgment relating to plaintiff's alleged failure to prosecute, plaintiff hereby adopts and incorporates by reference those arguments contained in the "Opposition of Plaintiffs in the *Brandt, Gianni, Klein, Kloth* (Ohio State Case) and *Ray* Cases to Motions to Dismiss of for Summary Judgment."

[2] Moreover, there is a split among the Louisiana circuit courts regarding whether direct consumers are the only persons with standing to sue under LUTPA and the Louisiana Supreme Court has yet

Additionally, Automatik *has not* sought any antitrust relief, and as such, it is under no obligation under Rule 8(a), Fed. R. Civ. P., to plead its status under that statute. If, after discovery is completed, Microsoft believes that Automatik lacks evidence sufficient to fulfill the elements of LUTPA, then Microsoft is free to file a motion for summary judgment. Microsoft's argument regarding the appropriateness of class certification under Louisiana law is likewise premature. The appropriateness of class certification cannot be resolved until a motion to certify the class is before the court. Accordingly, Microsoft's motion should be denied.

## II.   Unjust Enrichment

Automatik recognizes that when a remedy at law is available to address an injury, a claim for unjust enrichment is not available. However, it must be noted that Microsoft is seeking dismissal of all other remedies available to Automatik. If, as Microsoft requests, the Court dismisses all other claims, there will be a gap in the law and the remedies available to Automatik, and a claim for unjust enrichment would be appropriate.

Here, it is apparent that Microsoft derived profits from its commercial activities by engaging in what plaintiff has alleged are unfair practices. As a result, Automatik and the class which it seeks to represent have been impoverished by the unfair practices, and Microsoft has no justification for its enrichment and Automatik's concomitant impoverishment. Thus, should this Court dismiss all other claims before it, Automatik has a remedy and has made out a prima facie case for unjust enrichment. *See Edmonston v. A Second Mort. Co. of Slidell, Inc.*, 289 So. 2d 116 (La. 1974).

---

to decide the issue. *See Plaquemine Marine, Inc. v. Mercury Marine*, 859 So. 2d 110,117 (La. App. 1st Cir. 2003) ("If a plaintiff alleges facts sufficient to classify himself as a member of the group provided a remedy by La. R.S. 51:1409(A), it is of no moment if plaintiff is not a consumer or a business competitor of defendant."); *see also Capitol House Preservation Co. v. Perryman Consultants, Inc.*, 725 So. 2d 523, 530 (La. App 1st Cir. 1999); *Monroe Medical Clinic, Inc. v. Hospital Corporation of America*, 622 So. 2d 760, 763 (La. App. 2d Cir. 1993); *Jarrell v. Carter*, 577 So. 2d 120, 124 (La. App. 1st Cir. 1991).

Respectfully submitted,

_____
**SPIRO J. VERRAS, T.A. (#22657)**
**JONES, VERRAS & FREIBERG, L.L.C.**
Pan-American Life Center
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Phone: (504) 523-2500
Telecopier: (504) 523-2508
**Counsel for Plaintiff**

**FRANK C. DUDENHEFER (#5117)**
**CUMMINGS, CUMMINGS & DUDENHEFER**
416 Gravier Street
New Orleans, LA 70130
Phone: (504) 586-0000
Telecopier: (504) 522-8423
**Counsel for Plaintiff**